UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
SOUTHERN DIVISION

JERMAINE WELLS,

        Plaintiff,                            Case No. 11–12884

v.

                                            Honorable George Caram Steeh
HOME DEPOT USA, INC.,           Magistrate Laurie J. Michelson

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [10] AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11]**

        This is a defamation lawsuit. Plaintiff Jermaine Wells, proceeding *in pro per*, alleges that some unidentified individual at Defendant Home Depot USA, Inc., his former employer, provided false information about him to a Human Resources Manager at Lowe's Home Improvement in connection with Plaintiff's efforts to obtain a new job at Lowe's. (Dkt. 1, Compl.) As a result, Plaintiff claims, Lowe's did not hire him. (*Id.*) Following the close of discovery, Defendant filed a motion for summary judgment contending that Plaintiff cannot establish a *prima facie* case of defamation as a matter of law. (Dkt. 10.) Plaintiff filed a Response styled "Plaintiff's Motion for Summary Judgment, Objection to Defendant's Motion for Summary Judgment." (Dkt. 11). While this Court's Electronic Filing Policies and Procedures provide that "a response . . . to a motion must not be combined with a counter-motion" (ECF LR 5(e)), Defendant did not object and filed a Response (Dkt. 13) to which Plaintiff filed a Reply (Dkt 15).[1] Both Motions were referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 12.)

---

[1] Given Plaintiff's *pro se* status, the Court will treat these motions as cross-motions for summary judgment.

Upon a review of the pleadings and the parties' summary judgment briefing, this Court concludes that oral argument will not significantly aid in the resolution of the motions. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED, Defendant's Motion for Summary Judgment be GRANTED, and Plaintiff's Complaint be DISMISSED.

**I.     BACKGROUND**

    **A.     Factual Summary**

Plaintiff Jermaine Wells ("Wells") is a former employee of Defendant Home Depot, USA, Inc. ("Defendant" or "Home Depot"). His employment was terminated on August 31, 2007. (Dkt. 11, Pl. Mot. Summ. J. and Resp. to Def. Mot. Summ. J. ("Pl. Resp.") at Pg ID 93.) Plaintiff sued Home Depot in 2008 alleging wrongful termination and discrimination. (*Id.*) The case was removed to federal court and Chief District Judge Gerald E. Rosen granted Defendant's motion for summary judgment because the record did not support that any decisionmaker involved in Plaintiff's termination was motivated by impermissible considerations of Plaintiff's race or gender. (*Wells v. Home Depot*, No. 08-12135, Dkt. 32.)[2] Plaintiff's appeal of this decision was dismissed on or about April 7, 2011. (Pl. Resp. at Pg ID 93.)

Four years after his employment with Home Depot, Plaintiff attempted to get a job with Home Depot competitor Lowe's as a Front End Supervisor in May 2011. (*Id.*) Plaintiff testified that, given the similar nature of the businesses, former Home Depot employees frequently seek and obtain alternate employment at Lowe's and vice versa. (Def. Mot. Summ. J., Ex. A, Wells Dep. at

---

[2] Both parties mischaracterize the Court's decision. The Court did not find that Plaintiff was properly terminated for poor attendance as Defendant's argue, nor did he find that Plaintiff was wrongfully terminated as Plaintiff tries to argue.

48.) Plaintiff alleges the following sequence of events:

> On Monday 5/16/11 I applied for a position of Department Supervisor at Lowe's Home Improvement Store in Ann Arbor, Michigan, which is a Home Depot Major Competitor. On Wednesday 5/18/11 @ 2:00 pm. I was granted an interview with the Human Resources Manager and Store Manager. The Interview went very well; they indicated to me that they would call me in a week once my background check came back. On Sat. 5/28/11 I received an email indicating that I was no longer being considered for the position. I made a call to the Human Resources Manager. On Saturday 5/28/11, [Jennifer Fales], the H.R. Manager at Lowe's, with whom I Interviewed with called me back. She indicated that there was a problem with my background results. I asked her to elaborate so that I my know for future positions that I may apply for. Reluctantly she replied that background checks consist of not only criminal checks but also contacting former employee's to verify work and related experience. She indicated that a person at my last known employer told them that I was fired for poor job performance and attendance, I was unstable and I tried to sue the company for racism. The Lowe's H.R. Manager declined to say who the person she talked to was. She only said that it was a person in Management who I formally worked for. Therefore I was not a good fit for their company.

(Compl. at Pg ID 2-3.) The email that Plaintiff referenced receiving from Lowe's Human Resources

Department stated:

> Thank you for your interest in the position of Department Manager . . . . We sincerely appreciate your interest in career opportunities with Lowe's. Regretfully, we have decided to pursue other candidates at this time. Please keep in mind that new opportunities are constantly arising. We strongly encourage you to continue reviewing our current job opportunities. As a reminder, you must apply for each position you are interested in pursuing. We wish you much success in securing a position that will satisfy your career objectives.

(Def. Mot. Summ. J., Ex.C.)

After his unsuccessful bid to be hired by Lowe's, Plaintiff filed this defamation lawsuit against Home Depot based upon the information allegedly provided to Lowe's. (Dkt. 1.) During

his deposition, Plaintiff confirmed the information in his Complaint. (*See generally* Def. Mot. Summ. J., Ex. A, Wells Dep.) He further testified, however, that he does not know (1) who at Home Depot allegedly made the statements to Ms. Fales, (2) what position the person held and (3) whether that person was still employed by Home Depot at the time they made the statements. (Wells Dep. at 64-65.) Nor does it appear that Plaintiff received any discovery from Home Depot indicating that any of its employees made the challenged statements to Lowe's. Jennifer Fales did not provide any testimony via deposition or affidavit regarding the contents and/or details of the conversation alleged. (*Id.* at Pg ID 46.)

### B. Procedural History

On January 12, 2012, following the close of discovery, Defendant filed a Motion for Summary Judgment. (Dkt. 10.) Defendant contends that Plaintiff has offered no admissible evidence to support his claim that Defendant made any false or defamatory statements about Plaintiff to Ms. Fales or any other representative of Lowe's. (*Id.* at Pg ID 46, 49.) Additionally, because Plaintiff acknowledged that there is "a lot of transition" among employees between Lowe's and Home Depot (Wells Dep. at 19-20), Defendant further contends that even assuming the challenged disclosure was made to Ms. Fales, it is plausible that it was made by a Lowe's employee who had previously been employed by Home Depot at the same time as Plaintiff. (*Id.* at Pg ID 49.)

On January 18, 2012, Plaintiff responded to Defendant's summary judgment motion and asserted his own motion for summary judgment. (Dkt. 11.) Plaintiff admitted, however, that he "was recently in contact with Ms. Fails [*sic*] to indicate to her that she will be called as a witness to testify in trial and to give a written [Affidavit] of what she told Plaintiff. Ms. Fails has recanted and said that she does not recall ever talking to Plaintiff or anyone; in fact she does not remember much

4

about the interview and she has no contacts that she has ever talked to at Home Depot, leaving Plaintiff hanging out to dry, so to speak." (*Id.* at Pg ID 93-94.) To support his claim, therefore, Plaintiff relies on the allegations in his Complaint and his own testimony. (*Id.* at Pg ID 94.)

## I. ANALYSIS

### A. Legal Standards

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).[3]

The moving party may discharge its initial summary judgment burden by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (explaining that the moving party may carry its summary judgment burden without "produc[ing] evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof"). If the moving party does so, the party opposing the motion must do more than rely upon

---

[3] When reviewing cross-motions for summary judgment, the court must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party. *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).

allegations, but "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury, or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

### B.   Plaintiff Has No Constitutional Claim

In the summary judgment briefing, the parties do not dispute that Plaintiff's complaint consists of a state-law defamation claim. The Complaint, however, also references that it is being brought pursuant to 42 U.S.C. § 1983. (Dkt. 1.) "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Plaintiff's Complaint does not allege that Home Depot is a state actor or acted under color of state law. Nor does it plead a constitutional violation – speech concerning Plaintiff is not the same as a proscription on Plaintiff's speech.

### C.   Plaintiff's State Law Claim For Defamation Should Be Dismissed

To maintain a claim for defamation under Michigan law, a plaintiff must plead and prove the following elements: (1) a false and defamatory statement concerning the plaintiff,[4] (2) an

---

[4] A communication is defamatory "if, considering all the circumstances, it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Ireland v. Edwards*, 230 Mich. App. 607, 638-639; 584 N.W.2d 632 (1998).

unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by publication. *Smith v. Anonymous Joint Enterprise*, 487 Mich. 102, 113; 793 N.W.2d 533 (Mich. 2010). "These elements must be specifically pleaded, including the allegations with respect to the defamatory words, the connection between the plaintiff and the defamatory words, and the publication of the alleged defamatory words." *Stencel v. Augat Wiring Sys.*, 173 F. Supp. 2d 669, 680 (E.D. Mich. 2001) (quoting *Gonyea v. Motor Parts Federal Credit Union*, 192 Mich. App. 74, 77; 480 N.W.2d 297 (1991)).

The record in this case does not establish an actionable communication to a third party. Plaintiff initially alleged that, in response to an employment reference request by Lowe's HR Manager Jennifer Fales, some unidentified individual at Home Depot provided false and defamatory information about Plaintiff to Ms. Fales. This Home Depot employee was not identified during discovery. To the contrary, Plaintiff now explains that Ms. Fales has no recollection of any such conversation with anyone at Home Depot or of advising Plaintiff of such a conversation, nor does she have any contacts at Home Depot. Following his job interview, Plaintiff did receive an email from Lowe's HR Department on May 28, 2011, but it simply advised that Lowe's had decided to pursue other candidates at that time and encouraged Plaintiff to purse future career opportunities with the company. (Dkt. 13, Def. Reply, Ex. C). Thus, there is no evidence from Ms. Fales that the conversation at issue ever took place, let alone that false and defamatory statements were made by Defendant.

To circumvent this evidentiary void, Plaintiff argues that "[u]nless Defendants can prove otherwise, Plaintiffs statements in his Complaint, Deposition, and Motion must be considered

truths." (Pl. Resp. at Pg ID 94.) But this is not a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) where the allegations of Plaintiff's Complaint must be taken as true. Defendant has moved for summary judgment pursuant to Fed. R. Civ. P. 56 and "[i]t is beyond cavil that the adverse party on summary judgment may not simply rely on the allegations of its pleadings, but must present affirmative evidence by way of either affidavit or deposition, *i.e.*, sworn testimony, sufficient to show that material facts are genuinely in issue." *Crown Serv. Plaza Partners v. City of Rochester Hills*, Nos. 98-1581, 98-1666, 2000 U.S. App. LEXIS 9935, at *17 (6th Cir. May 8, 2000); *see also Bennett v. Schroeder*, 99 F. App'x 707, 717 (6th Cir. 2004) (stating that "at the summary judgment stage . . . Plaintiff can no longer simply rely on the allegations in his complaint; rather, he must 'present affirmative evidence' supporting his allegations in order to withstand summary judgment"); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (party opposing summary judgment may not rest on its pleadings "but must make an affirmative showing with proper evidence in order to defeat the motion.").

Moreover, "[a] party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact." *Sperle v. Michigan Dept of Corrections,* 297 F.3d 483, 495 (6th Cir. 2002) (citation omitted). Thus, Plaintiff cannot simply rely on his testimony of what he claims Ms. Fales told him someone at Home Depot told her. *See Salim v. MGM Grand*, 231 F. Supp. 2d 577 (E.D. Mich. 2002) (granting summary judgment to defendant where plaintiff's defamation claim was based on hearsay – that someone at MGM Grand Casino, her prior employer, falsely informed the Michigan Gaming Commission that she was fired based upon acts of fraud); *Brode v. Bosquette & Co., Inc.*, 09-14212, 2011 U.S. Dist. LEXIS 92279 (E.D. Mich. Aug. 18, 2011) (granting summary judgment to defendant where "each instance of defamation

8

alleged by Plaintiff constitutes inadmissible hearsay."). In sum, "[c]onclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Caresource*, 576 F.3d at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

Here, Plaintiff has failed to come forward with any supporting facts that a communication took place between someone at Home Depot and Ms. Fales – or anyone else at Lowe's – in which false, defamatory and/or unprivileged statements regarding Plaintiff were made. Accordingly, Plaintiff has failed to present any evidence showing that a genuine issue of material fact remains with respect to his claim of defamation against Home Depot.[5]

### III.   CONCLUSION AND RECOMMENDATION

For the reasons set forth above, this Court RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED, Defendant's Motion for Summary Judgment be GRANTED, Defendant's request for fees and costs be DENIED, and Plaintiff's Complaint be DISMISSED.

### IV.   FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States*

---

[5] While Plaintiff also complains about the references in Defendant's summary judgment briefs to Plaintiff being terminated for poor performance and attendance (Dkt. 15, Pl. Reply), these statements are likely privileged and thus, cannot support a defamation claim. *See e.g., Oesterle v. Wallace*, 272 Mich. App. 260, 264 (2006) ("Statements made by judges, attorneys, and witnesses during the course of judicial proceedings are absolutely privileged if they are relevant, material, or pertinent to the issues being tried.").

*v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon this magistrate judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2).  Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated:  March 13, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 13, 2012.

s/Jane Johnson
Deputy Clerk